```
 1 │ RONALD J. TENPAS
   │ Assistant Attorney General
 2 │ W. BENJAMIN FISHEROW
   │ Deputy Chief
 3 │      Environmental Enforcement Section
   │      Environment & Natural Resources Division
 4 │      United States Department of Justice
   │      P.O. Box 7611
 5 │      Washington, D.C.  20044
   │      Telephone: (202)514-2750
 6 │      Facsimile: (202)616-6583
   │
 7 │ THOMAS P. O'BRIEN
   │ United States Attorney
 8 │ LEON W. WEIDMAN
   │ Assistant United States Attorney
 9 │ Chief, Civil Division
   │ MONICA L. MILLER
10 │ Assistant United States Attorney
   │ California State Bar #157695
11 │      Room 7516, Federal Building
   │      300 North Los Angeles Street
12 │      Los Angeles, California  90012
   │      Telephone: (213) 894-4061
13 │      Facsimile: (213) 894-7819
   │      Email: monica.miller@usdoj.gov
14 │
   │ Attorneys for Plaintiff
15 │ United States of America
   │ (See next page for names of
16 │ additional counsel)
17 │              UNITED STATES DISTRICT COURT
18 │           FOR THE CENTRAL DISTRICT OF CALIFORNIA
19 │                      WESTERN DIVISION
20 │
   │ UNITED STATES OF AMERICA      )   Civ. No. 07-03152 MMM (FMOx)
21 │ and THE PEOPLE OF THE         )
   │ STATE OF CALIFORNIA, ex rel.  )
22 │ ATTORNEY GENERAL EDMUND G.    )
   │ BROWN JR.,                    )
23 │                               )   FIRST AMENDMENT TO THE CONSENT
   │      Plaintiffs,              )   DECREE
24 │                               )
   │      v.                       )
25 │                               )
   │ LINDER & ASSOCIATES,          )
26 │                               )
   │      Defendant.               )
27 │ _____)
28 │
```

1 | Additional Plaintiff's Counsel

2 | EDMUND G. BROWN JR., Attorney General
     of the State of California
3 | JANET GAARD,
     Chief Assistant Attorney General
4 | KEN ALEX,
     Senior Assistant Attorney General
5 | ROSE FUA, Cal. Bar No. 119757
  | BRIAN HEMBACHER, Cal. Bar No. 90428
6 |    Deputy Attorneys General
  | 300 South Spring Street, Suite 1702
7 | Los Angeles, CA 90013
  | Telephone: (213) 897-2638
8 | Fax: (213) 897-2802
  | Email: Brian.Hembacher@doj.ca.gov

10 | Attorneys for People of the State of
   | California, ex rel. Attorney General
11 | Edmund G. Brown, Jr.

WHEREAS:

Plaintiffs, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and the Department of Housing and Urban Development ("HUD"), and the People of the State of California, Ex Rel. Attorney General Edmund G. Brown Jr.,("the People") through their undersigned counsel, commenced this action by filing a Complaint on May 14, 2007, alleging that Linder & Associates ("Linder") violated Section 1018 of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. § 4852d. Plaintiffs lodged a Consent Decree the same day.

The Court filed the Consent Decree on January 10, 2008. The Consent Decree was filed, but not entered. According to PACER, the case has been terminated. The parties have interpreted the act of filing the Consent Decree and terminating the case as

effectively entering the Consent Decree.  Plaintiffs have proceeded to comply with the obligations in the Consent Decree as though it has been entered.

The Consent Decree provides, among other things, for the payment of a federal civil penalty and state costs (which Defendant has already paid) and the performance of certain lead hazard abatement work on the Subject Properties as defined in the Consent Decree.  The Consent Decree contains extensive provisions outlining the types of abatement to be performed and the deadlines by which the work must be performed.  In addition, the Consent Decree requires the Defendant to obtain a letter of credit and provides for stipulated penalties if obligations under the Consent Decree are not met.

Prior to lodging of the Consent Decree, Linder managed approximately fifty-four real estate properties in southern California with a total of approximately 805 individual units. Of those 805 units, 224 non-studio units were alleged to be subject to the Act.  Additionally, Linder agreed to test and perform abatement on approximately 254 studio units which were not subject to the Act but were alleged to be subject to State law provisions.  The properties subject to the Consent Decree are listed in Appendix A to the Consent Decree.

After lodging and prior to the court's filing of the Consent Decree, Linder lost the management contract for 198 units, of which 115 were subject to the Consent Decree.

The parties have agreed to amend Appendix A to the Consent Decree to reflect only those units under management by Defendant at the time the court filed the Consent Decree. The parties also

y

have agreed to remove from the Subject Properties list those units which have since been tested and are lead-free.

The parties have agreed that Appendix A to the Consent Decree (listing the properties subject to the Consent Decree) should be substituted with the attached Appendix A-1, which eliminates the properties which are either no longer under Linder's managment and control or are lead-free.

The United States, the State of California, and Defendant agree that an amendment to the Consent Decree is appropriate to modify the Consent Decree.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that the Consent Decree shall remain in effect in accordance with its terms, except that Appendix A shall be replaced with Appendix A-1 attached hereto.

This Amendment in no way affects the Court's jurisdiction to enforce the Consent Decree and this Amendment to the Consent Decree.  This Amendment does not in any way alter Defendant's obligations under the Consent Decree with respect to the properties subject to the Consent Decree.  Specifically, Defendant shall remain liable to the United States and the State of California for all the obligations set forth in the Consent Decree.

DATED: December 10, 2008

_Margaret M. Morrow_
UNITED STATES DISTRICT JUDGE
HONORABLE MARGARET M. MORROW